The opinion of the Court was delivered by
Johnstoh, Ch.
The Statute of 1791, “ To establish a Court of Equity in this State,” after reciting that, “in cases under the value of one hundred pounds, and in cases which may not be litigated, it may he unnecessary to proceed by bill and answer in the said Court,” enacts that “in all such cases, it shall and may be lawful for the parties complaining to present his or their petition to the said Court, on oath, setting forth the true nature of the case, or sum really, due — a copy of which petition shall be served on the opposite party, at least thirty days before the sitting of the Court, with notice thereon to ap *187 pear on a certain day in Court, in order to answer, (if necessary,) the contents of the petition,” &c., — “ Provided, always, that if the defendant or defendants should appear at the return of said petition, and show sufficient reason to the said Court, on oath, for going into a more amfle investigation of the case, then, and in every such case, the said parties shall and may be at liberty to prove and substantiate their respective allegations, as in other cases.”
It was under the latter part of this Act that the litigation between the parties to the present cause was conducted after the defendants’ answer was put in. The Master, in his report, says : — “ The defendants were brought into Court by a form of proceeding authorized by law, to which they were bound to answer.” The result of the case (the petition being dismissed) “ shows that the defence was meritorious, which could not have appeared, if the defendants (assuming that they are not entitled to costs,) had been unable to employ counsel to represent their interests before the Court.” He adds : “Kumerous references were held, and various questions raised upon the Master’s report, which were strongly litigated, as is evidenced by the case being twice before the Circuit Court, and once before the Court of Appeals.”
Kow, though justice requires that suitors should be protected against fraudulent or exorbitant charges of officers of Court, justice and the interests of the community equally require that the poor and weak should not be left defenceless, when dragged before judicial tribunals — which they must be, if compensation is not allowed to those who would defend them.
It may be doubted whether, when, by the answer to a petition, the cause becomes litigated, or contested — and the Court takes it up in that light; and proceeds “ as in other cases” — it is not under the Act of 1791, before recited, to be regarded as if it arose on bill. This, however, need not be decided here.
*188 But the case of McCleland, (a) is objected to the allowance of costs to the defendants in the present case — regarded as a petition case.
This case proceeds upon grounds which we cannot recognize. The principle announced by the Judge who delivered the opinion in McCleland’s case, is undoubtedly sound: that “costs are not allowed by the common law, and whoever claims to charge them, must put his finger upon the statute which allows it.” But it is not admitted that “none of the Acts of the Legislature make any provision for a defence to a petition in the Court of Chancery.”
On the contrary, we think the Statute of 1827 fixing a hill of costs (as well as the Statutes of 1791 and 1808 on the same subject, and which it superseded) makes provision, by annexing costs to specific services, such as were rendered in this case. This must be admitted in relation to the Master’s, Commissioner’s, register’s, and sheriff’s fees. Thus for references, reports, issuing of commissions, swearing witnesses, service of process, &c. — the fee being annexed in general terms to the service rendered-, is to be allowed whenever the service is performed, and irrespective of the party, whether plaintiff or defendant, at whose instance it was performed. Whether the service was rendered in a petition case or a bill case, makes no difference, unless the Statute draws a distinction expressly.
On the same principle, the defendant’s solicitor must be allowed such fees as are given him, as such, whether the cause arise on bill or petition: — as the plaintiff’s solicitor would also have been, had not the Act confined him to certain charges in petition cases.
We think, then, that the defendants’ solicitor in this case “ can lay his finger on the Statute,” allowing his claim.
If a defendant’s solicitor is not entitled to costs in petition cases because the fees allowed him by the Statute are not stated *189 to be in petition cases, neither is he entitled to any in hill cases, for -they are not expressly stated to be given in bill cases: and so the defendant’s solicitor would be entitled to no costs in any case, bill or petition, though the Statute expressly gives him fees. This construction is absurd.
Undoubtedly, the Statute is badly drawn. It should, (if it was so intended,) have drawn a distinction between the fees for defending in petition and bill cases, as it did in relation to prosecuting claims in the two kinds of cases. But the Court cannot help that. It must leave the remedy to be supplied by the legislature.
It is ordered that the decree be reversed ; and that the cause be remanded, that the costs be taxed according to this opinion.
DARGAtT and Wahdlaw, CC., concurred.

 1 Hill Ch., 412.